UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES K.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 2:21cv40 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. 42 U.S.C. § 423(a). Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

    1.    The claimant last met the insured status requirements of the Social Security Act

2

> on December 31, 2017.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of June 6, 2012 through his date last insured of December 31, 2017 (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant had the following severe impairment: degenerative disc disease of the lumbar spine (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift and carry, push and pull, twenty pounds occasionally and ten pounds frequently. The claimant can sit for six hours and stand and/or walk for six hours for a total of eight hours in a workday, with normal breaks. The claimant can never climb ladders, ropes, and scaffolds. The claimant can never work at unprotected heights and cannot tolerate concentrated exposure to vibration.
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a recreational sports/salesperson. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 6, 2012, the alleged onset date, through December 31, 2017, the date last insured (20 CFR 404.1520(f)).

(Tr. 25-32).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff, proceeding *pro se*, filed his opening brief on August 17, 2021. On September 29, 2021 the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on October 12, 2021. Upon full review of the record in this cause, this Court is

3

of the view that the Commissioner's decision must be reversed and remanded for an award of benefits.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 4 was the determinative inquiry.

Plaintiff was involved in a car accident on June 6, 2012. The ALJ summarized his medical record as follows:

> The claimant has reported back pain since [the accident]. The claimant has also reported left foot pain (Exhibit 3F/7). X-rays of the claimant's lumbar spine and left hip performed after this accident were negative (Exhibit 2F/2). However, physical therapy resulted in only minimal improvement. An MRI of his lumbar spine was indicated that the claimant had a left paracentral disc protrusion at L4-5 with evidence of left L5 nerve root impingement and left L4 nerve root impingement. At the L5-S1 level, there was also evidence of left postero-central disc protrusion abutting the bilateral SI nerve roots. The claimant received left L4-5 transforaminal epidural steroid injection and left L5-SI transforaminal

4

>  epidural steroid injections, but again reported minimal relief from this treatment. The claimant then underwent an L4-L5 and L5-S1 microdiscectomy, which provided thirty percent relief. Nevertheless, the claimant continued to have symptoms and underwent another MRI of his lumbar spine, which demonstrated prior right partial hemilaminectomy with mild distortion of traversing nerve roots and mild amount of amorphously enhancing granulation tisane. The claimant underwent a revisionary microdiscectomy on June 23, 2015 (Exhibit 1F/6). The claimant also underwent postoperative physical therapy. Additionally, the claimant has also treated with a chiropractor (Exhibit 5F). The claimant reports that pain medicine and stretching make his symptoms at least somewhat better (Exhibit 5F/50).

(Tr. 27-28).

At Step Two of the sequential evaluation, the ALJ found that Plaintiff's back impairment did not meet or medically equal Listing 1.04, which pertains to disorders of the spine.  At the time of the ALJ's decision, the Listing required a disorder of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) resulting in the compromise of a nerve root or the spinal cord with:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively . . . .

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04.

In considering this Listing, the ALJ rather puzzlingly stated:

5

> The claimant's impairments, while severe, do not meet or equal a listing. In reaching this conclusion, the undersigned considered listing 1.04, but does not find that the claimant's degenerative disk disease meets or equals this listing. The record shows no evidence of nerve root compression or spinal arachnoiditis. The claimant's records mention spinal stenosis, and the claimant has had positive and negative straight leg raising tests (Exhibit 8F/7, 14). Nevertheless, while the claimant is described as using a straight cane, there is no record of him regularly using two canes, two crutches, or a wheelchair.

(Tr. 26).

Plaintiff correctly argues that the record clearly presents evidence of nerve root compression and positive straight leg raising test, which the ALJ recited in his summary as quoted above. For example, records from Dr. Michael J. Spence of the Spence Rehabilitation Center, dated November 7, 2016, recite that:

> the claimant was found to be a Grade Modifier 2 with positive straight leg raising test and decreased protective sensibility....the claimant is found to be Grade 3 CT/MRI other with prior disc herniations at L4-5 and L5-S1 with evidence of nerve root impingement at multiple levels due to granulation tissue.

(Tr. 512).

The ALJ failed to even mention this evidence in his determination that Plaintiff did not meet Listing 1.04. The Commissioner, in her response, acknowledges that the ALJ "appears to have glossed over the evidence of nerve root impingement" but claims that "the ALJ's analysis is sufficient notwithstanding the erroneous reference to a lack of nerve root compression." The Commissioner then claims that "the only positive [straight leg raising] test in the record... was from October 2019, nearly two years after the period at issue". The Commissioner cites to Tr. 504 but not to Tr. 512, which evidences Plaintiff's positive straight leg raising test, well within the period at issue. The Commissioner points to Tr. 511 which references "negative straight leg raise on left", but neglects to note the positive straight leg raise test (presumably on the right) that

6

was referenced at Tr. 512.

As Plaintiff's impairment clearly meets Listing 1.04A[2], the 5-step analysis stops, and Plaintiff must be found to be disabled (at least as early as November 7, 2016) and entitled to benefits. There is no cause for remand for further proceedings as there is only one supportable conclusion. *Briscoe ex rel Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). Thus, the Court will remand for an award of benefits.

## Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby REVERSED AND REMANDED FOR AN AWARD OF BENEFITS.

Entered: November 30, 2021.

        s/ William C. Lee
        William C. Lee, Judge
        United States District Court

---

[2] There is no dispute that Plaintiff meets the other conditions of Listing 1.04A, such as neuro-anatomic distribution of pain, limitation of motion of spine, motor loss accompanied by sensory or reflex loss. The medical evidence and testimony of record also clearly supports all of these conditions.